YELVERTON, Judge.
Eunice Risley filed this personal injury, wrongful death, and survival action against Robert Biggs and his insurer, State Farm Fire and Casualty Co., after a boating accident wherein Risley was injured and her husband, Frank Risley, was killed. Other plaintiffs in this suit are the four major children of Eunice and Frank Risley: Margaret Risley Bordelon, Sandra Risley Milliner, Susan Risley Pressly, and Weston Ris-ley.
After a jury trial, judgment was rendered in favor of plaintiffs and against defendants, awarding damages in the following amounts:
I. SUCCESSION OF FRANK RISLEY — INJURIES SUSTAINED BY FRANK RIS-LEY
(A) Conscious pain, suffering and mental anguish of Frank Risley prior to his death $12,000.00
(B) Autopsy (stipulated) 350.00
(C) Funeral Expenses (stipulated) 5,757.00
(D) Loss of Boat (stipulated) 1,000.00
II. EUNICE RISLEY, INJURIES WHICH SHE SUSTAINED
(A) Past, present and future pain and suffering 17,000.00
Loss of enjoyment of life, mental anguish and emotional distress 3,000.00
(C) Past medical expenses (stipulated) 787.65
III. EUNICE RISLEY — INJURIES SHE SUSTAINED AS A RESULT OF THE DEATH OF HER HUSBAND
(A) Loss of love and affection of her husband and grief and anguish 500,000.00
Loss of and consortium
(C) Loss of financial support by her husband, Frank Risley 42,000.00
Additionally, each child was awarded $50,-000 for loss of love and affection, grief, and anguish, and $25,000 for loss of society and consortium. The awards were reduced by 30% representing the comparative fault of Frank Risley.
Defendants have appealed, alleging error in the $500,000, $30,000, and $42,000 awards to Eunice Risley for loss of love and affection, loss of consortium, and loss of financial support, respectively. Plaintiffs answered the appeal, alleging error in the finding of comparative fault and in the $50,000 awards to each child for loss of love and affection. We affirm.
FACTS
On June 26, 1990, Frank and Eunice Ris-ley were fishing in a waterway known as Camel Slough near Saline Lake. They *952 were in a 10-year-old 14 foot fiberglass Duracraft boat powered by a 25 horsepower outboard motor. Robert Biggs was fishing in the same area and was operating a year old 17-1/2 foot fiberglass Kingfisher boat, powered by a 150 horsepower outboard motor.
As Biggs came around a bend in the waterway, he testified that he was going about 20 miles per hour. He approached the Risley boat, which was going about the same speed, and expected they would pass each other on their starboard sides. However, Biggs testified that the Risley boat made a sharp turn into his path. Biggs said a collision was inevitable so he turned to the left and cut his throttle in order to lessen the impact. Conversely, Eunice Ris-ley testified that Frank was operating their boat at a slow speed, just above idle. As they neared the point at Camel Slough, the Biggs boat came from around the bend at a high rate of speed. The boat was planed, with the bow out of the water and was approaching toward their left. In an attempt to avoid a collision, Frank turned right, toward the bank and cut the throttle. The collision occurred. Eunice was ejected from the boat and Frank was trapped under their boat as it capsized.
Frank died from a traumatic shock injury to his heart. Eunice was badly bruised in the accident. After the collision, Biggs jumped into the water and swam to the Risley boat. After he located Frank, he and Eunice swam with Frank between them to the Biggs boat and were able to get his body into the boat. Biggs performed CPR but to no avail. They returned to the landing for help, whereupon medical personnel and the Risley children were contacted and an investigation ensued.
COMPARATIVE FAULT
Both plaintiffs and defendants presented expert testimony concerning the cause of the accident. Plaintiffs’ expert said the accident was due to the fault of Robert Biggs in operating his boat too fast for the conditions, traveling on the wrong side of the waterway, and turning in the wrong direction to avoid a collision. Defendants’ expert said the accident occurred when Frank Risley made an unsignaled turn into the path of Robert Biggs. The jury considered both the factual testimony and the expert opinions and assessed fault at 70% to Biggs and 30% to Risley.
After considering the evidence presented, we find no abuse of discretion in the jury’s apportionment of fault.
GENERAL DAMAGES TO EUNICE RISLEY
Eunice and Frank Risley were married for 50 years at the time of Frank’s death. He was 77 years old and she was nearly 70. Frank was a hard working and loving husband. He did all of the cooking and grocery shopping and paid the bills. Eunice is a diabetic and Frank took care of all of her needs. He also took care of the car, the yard, and maintenance on the house. His hobbies included hunting, fishing, and wood working.
Frank was very close to his wife and children; he organized family gatherings and was in constant contact, visiting by telephone or in person with all of his children. The testimony in the record reveals that the Risley family was exceptionally close and that Frank Risley was the one that fostered and encouraged that closeness. He is sorely missed by his wife and children.
The appellants argue that the maximum general damage award in prior cases should set the limit in this case. They cite such cases as Mergen v. Piper Aircraft Corp., 524 So.2d 1348 (La.App. 1st Cir.), writ denied, 532 So.2d 154 (La.1988), Keating v. Holston’s Ambulance Service, 546 So.2d 919 (La.App. 3d Cir.1989), and Malmay v. Sentry Insurance Co., 550 So.2d 366 (La.App. 3d Cir.1989). After factoring in the years of life expectancy of the de-ceaseds in those cases (as well as other cases), and the years of life expectancy of Frank at the time of his death, the appellants propose an outside limit, or ceiling, of $200,000 in this case. Inasmuch as the jury in this case awarded $530,000, the appellants argue that this is $330,000 above *953 the outside limit. We are urged to hold that the highest amount awardable within the jury’s discretion was $200,000, and that the award should be reduced to that sum.
In rejecting this argument and affirming the jury’s award of $530,000, the majority of this court on appeal follow the dictates of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976): Before we can disturb an award of a trial court, the record must clearly reveal that the trier of fact abused its discretion.
Eunice Risley depended on her husband for just about everything. He cared for her not only regarding her diabetic condition, but in every other particular of their lives. They did everything together. She relied on him and he accepted his responsibility with love. The longer they lived, the stronger these ties became. Her loss was immeasurable. We cannot say that the jury, in quantifying that loss at $530,000, abused its much discretion.
GENERAL DAMAGES TO THE RISLEY CHILDREN
The four Risley children were majors at the time of their father’s death, ranging in age from 35 to 44. The older daughters lived in Pineville, near their parents. They had almost daily contact with their father. The younger children lived out of state, but stayed in close contact with their father through telephone calls and regular visits. All of the children testified to the happy childhood memories they have of their father and the ongoing close and loving relationship they had with him at the time of his death.
We find no abuse of discretion in the trial court’s award of $50,000 to each child for their loss of love and affection, anguish, and grief as a result of their father’s death. Accordingly, these awards are affirmed.
LOSS. OF SUPPORT
Eunice Risley was awarded $42,000 for the partial loss of Frank’s retirement income. The evidence shows that prior to his death, Frank received retirement income from Social Security, the U.S. Navy,; and the State of Louisiana. After his death, the Social Security payments stopped and the payments from the Navy and the State were reduced. Plaintiff contends the loss of income, over $900 per month, is compensable even though it was not earned income. Defendants argue the loss is not compensable because plaintiff proved no loss of support or services as a result of Frank’s death.
We find plaintiff did prove a loss of income to the Risley household as a result of Frank’s death. The loss of such services as cooking and grocery shopping was also proved with competent evidence. We do not believe that plaintiff’s failure to prove the value of the services lost, as well as the value of the expenses which are no longer incurred by the household due to Frank’s death, should preclude an award for lost income. Further, given the evidence concerning Frank’s health and activities prior to his accidental death, we do not believe the jury erred in awarding the sum of $42,000 for this element of damages. Accordingly, this award is affirmed.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally to plaintiffs and defendants.
AFFIRMED.
DOMENGEAUX, C.J., dissents in part and assigns reasons.